
RECEIVED
BY MAIL
APR 10 2013
CLERK, U.S. DISTRICT COURT
ST. PAUL, MN

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

### PETITION FOR WRIT OF HABEAS CORPUS
### PERSONS IN FEDERAL CUSTODY
### UNDER TITLE 28 USC SECTION 2241

Emmanuel Sanchez

78456-279

Full Name and prisoner number of Petitioner

Civil No. 13CV847 PAM/JJG

vs.

United States of America

Name of Respondant

## INSTRUCTIONS - READ CAREFULLY

In order for this petition to receive consideration by the U. S. District Court, it shall be in writing (legibly handwritten or typewritten), signed by the petitioner and verified (notarized), and it shall set forth in concise form the answers to each question.   (If a particular question is not applicable, that should be specifically noted.)   If necessary, petitioner may finish the answer to a particular question on an additional blank page.   Petitioner shall make it clear to which question any such continued answer refers.

Since every petition for habeas corpus must be sworn to under oath, the false statement of a material fact therein may serve as the basis of prosecution and conviction for perjury.   Petitioners should therefore exercise care to assure that all answers are true and correct.

If the petition is submitted in forma pauperis, it shall include the Application To Proceed In Forma Pauperis (AO 240-MN).   Petitioner should be mindful of the changes in IFP procedures effected by the "Prison Litigation Reform Act".

When the petition is completed, the original and one copy together with a JS-44 Civil Cover Sheet must be mailed to: Office of the Clerk, United States District Court, 700 Federal Building, 316 North Robert Street, St. Paul, MN 55101.   The petition must be accompanied by either (a) the full filing fee of $5.00, make check payable to U.S. District Court or (b) a properly completed IFP application (with the initial partial filing fee, if required by 28 U.S.C. Section 1915(b)(1).)

SCANNED
APR 11 2013
U.S. DISTRICT COURT ST. PAUL

1.  Place of detention: **Federal Prison Camp – Duluth, Minnesota**

2.  Name and location of court which imposed sentence: **Northern District of Georgia, Atlanta Division**

3.  The indictment number or numbers (if known) upon which and the offense or offenses for which sentence was imposed:

    (a)  1:08-CR-356-27-WSD

    (b)  1:08-CR-235

    (c)  _____

4.  The date upon which sentence was imposed and the terms of the sentence:

    (a)  12-16-2011, to a term of 97 months with five years of

    (b)  supervised release

    (c)  _____

5.  Check whether a finding of guilty was made

    (a)  After a plea of guilty          _____

    (b)  After a plea of not guilty       X

    (c)  After a plea of nolo contendere  _____

6.  If you were found guilty after a plea of not guilty, check whether that finding was made by:

    (a)  A jury                  _____

    (b)  A judge without a jury   X

7.  Did you appeal the judgment of conviction or the imposition of sentence?     Yes

8.  If you answered "yes" to Item 7, list:

    (a)  The name of each court to which you appealed

        i.    Eleventh Circuit Court of Appeals

        ii    _____

        iii.  _____

    (b)  The result in each such court to which appealed

        i.    Affirmed District Court's decision

        ii.   _____

        iii.  _____

2

(c)    The date of each such result

    i.   March 1, 2012

    ii.

    iii.

(d)    If known, citations of any written opinions or orders entered pursuant to such results.

    i.   1:08-CR-00356-WSD-ECS-27

    ii.

    iii.

9.    State concisely the grounds on which you base your allegation that you are being held in custody unlawfully. Each ground for relief should be described separately, and each ground should include (1) a concise statement of the relevant facts and (2) a brief description of the legal principle(s) on which it is based.

Ground 1    Erroneously enhanced within offense level and sentence guideline due to "abuse of position of trust", which did not apply

Ground 2    Never considered for minor role player; this, despite others within same alleged conspiracy receiving less severe sentences, and Petitioner's role being no greater than these minor players.

Ground 3    Substantial assistance and downward departure factors were never applied toward overall sentence, per Title 18, 3553(e) - within and without the scope of 5H1.1 - family responsibilities and community ties.

Additional grounds may be set forth on an attached page.

Please see attached memorandum

10.    Have you filed previous petitions for habeas corpus, motions under Section 2255 of Title 28, United States Code, or other applications, Petitions or motions with respect to this conviction? Please list below.

This option was waived as part of the plea agreement.

11.    If you answered "yes" to Item 10, list with respect to each petition, motion or application

NA

(a) The specific nature thereof:

    i. _____ NA _____

    ii. _____

    iii. _____

(b) The name and location of the court in which each was filed.

    i. _____ NA _____

    ii. _____

    iii. _____

(c) The disposition thereof:

    i. _____ NA _____

    ii. _____

    iii. _____

(d) The date of each such disposition:

    i. _____ NA _____

    ii. _____

    iii. _____

(e) If known, the citations of any written opinions or orders entered pursuant to each such disposition.

    i. _____ NA _____

    ii. _____

    iii. _____

12.   If you did not file a motion under Section 2255 of Title 28, United States Code, or if you filed such a motion and it was denied, then for each ground raised here, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention:

Ground 1   Please see attached memorandum _____

_____

Ground 2   _____

_____

Ground 3   _____

_____

Additional grounds may be set forth on an attached page.

13.   Has any ground set forth in Item 9 (above) been previously presented to this or any other federal court by way of petition for habeas corpus, motion under Section 2255 of Title 28, United States Code, or any other petition, motion or application?

None

_____

_____

_____

14.    If you answered "yes" to Item 13, identify all of the proceedings in which each such ground was raised.

Ground 1 _____NA_____

Ground 2 _____

Ground 3 _____

If there are additional grounds, attach a separate page.

15.    Have any of the grounds for relief presented in this petition been raised in any prison grievance procedure or administrative remedies procedure?    ☐ Yes    ☒ No

16.    If you answered "yes" to Item 15, then for each ground that has been raised describe (1) each step that was taken to resolve the claim through a grievance procedure or administrative remedies procedure and (2) the disposition of the claim at each step.

Ground 1 _____NA_____

_____

Ground 2 _____

_____

Ground 3 _____

_____

(Copies of any written materials pertaining to grievance procedures or administrative remedies procedures - including statements of the claim(s) presented and responses received - should be attached to this petition.)

17.    Are there any administrative remedies available for any of your grounds for relief that have not been exhausted? __No__

Most every administrative remedy timeline has since expired. Apart

from this, the option of §2255 was never exercised due to waiving

the rights during plea agreement for that measure.

18.    If you answered "yes" for Item 17, then for each such unexhausted ground for relief, explain why the available administrative remedies were not fully exhausted.

NA _____

_____

_____

19.    If you were represented by an attorney during any of the following procedures, then state the name and address of such attorney(s):

(a)    Your appearance before a United States Magistrate Judge?

Name    Steven P. Berne

Address    1349 W. Peachtree - Suite 1250 Atlanta, GA 30309-2920

(b)    Your arraignment and plea?

Name    Same

Address    _____

(c)    Your trial, if any?

        Name   NA _____

        Address _____

(d)    Your sentencing?

        Name   Steven P. Berne _____

        Address   1349 W. Peachtree - Suite 1250 Atlanta, GA 30309-2920

(e)    Your appeal, if any, from the judgment of conviction or the imposition of sentence?

        Name   Same _____

        Address _____

(f)    Preparation, presentation or consideration of any petitions, motions or applications with respect to this conviction, which you filed?

        Name   NA _____

        Address _____

20.   If you are seeking leave to proceed in forma pauperis, have you completed the sworn affidavit setting forth the required information? (see instructions, page 1 of this form)

    Please find attached

_____ being first sworn under oath, presents that he/she

    **(Signature of petitioner)**

has subscribed to the foregoing petition and does state that the information therein is true and correct to the best of his/her knowledge and belief.

_____

    **(Signature of Affiant)**

SUBSCRIBED AND SWORN to before me this _____ day of _____ , _____

_____

Notary Public

My commission expires _____

NOTARIZATION IS <u>NOT</u> NECESSARY IF THE
FOLLOWING STATEMENT IS COMPLETED

I declare under penalty of perjury that the foregoing is true and correct.

Executed on      4 - 5 - 2013

*(Date)*

*(Signature)*

(Habeas-2241.wpd)

(9/01)

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
EIGHTH CIRCUIT

RECEIVED
BY MAIL
APR 10 2013
CLERK, U.S. DISTRICT COURT
ST. PAUL, MN

Emmanuel Sanchez,                    )
                                     )
          Petitioner,                )
                                     )
v.                                   )          Case: _____
                                     )
United States of America,            )
                                     )
          Respondent.                )

PETITION FOR WRIT OF HABEAS CORPUS
PERSONS IN FEDERAL CUSTODY
UNDER TITLE 28 USC SECTION 2241

COMES NOW Petitioner, Emmanuel Sanchez, Federal Registration Number 78456-279,

pro se litigant and proceeding in forma pauperis. He is currently in custody

with the Federal Bureau of Prisons, at the Federal Prison Camp in Duluth,

Minnesota. Petitioner makes this motion pursuant to Title 28 U.S.C. §2241.

Petitioner was sentenced at the United States District Court, Northern

District of Georgia, Atlanta Division, on December 16, 2011, to a term of

97 months. Petitioner was indicted on three counts of Criminal Indictment No.

1:08-CR-235. The counts consisted of violations of Title 21, United States Code,

Section 846, 841(a)(1) and 841(b)(1)(A)(ii) and (vii). This charged that

Petitioner conspired to knowingly and intentionally distribute a controlled

substance, said conspiracy involving at least 1,000 kilograms of marijuana.

Count Two alleged that beginning on a date unknown to the Grand Jury, but at

least by in or about June 2006, and until on or about the date of this

indictment of September 2, 2008, Petitioner and others conspired to knowingly and

intentionally commit money laundering, in violation of Title 18, United States

Code, Section 1956(h). Count five charged that on or about January 6, 2007,

Petitioner and other named defendants, aided and abetted by each other, did

knowingly transport, transmit and transfer funds and monetary instruments.

-1-

This offense was in violation of Title 18, United States Code, Section 1956(a)(2)(A) and Section 2. On November 4, 2008, the indictment was superseded without any charges related to Petitioner.

On August 3, 2011, Petitioner entered a negotiated plea of guilty to Count One of the Superseding Indictment. R788.

On December 16, 2011, Petitioner was sentenced to ninety-seven months imprisonment, followed by five years of supervised release. R844.

On March 1, 2012, Petitioner filed a timely Notice of Appeal. The Eleventh Circuit Court of Appeals affirmed the District Court's decision. Petitioner is presently incarcerated.

### STATEMENT OF FACTS

Petitioner was a former police officer with the La Joya Police Department, a former fire fighter with the Hidalgo Fire Department, a small business owner, and a father raising his children in a rural area of southern Texas. He is a United States citizen.

On January 6, 2007, after surveilling him for a number of hours, Petitioner was pulled over in a Ford F-350 pickup truck by Georgia State Trooper Mark Mitchell. (Sentencing Transcript p. 8, hereinafter referred to as Tr. 8). Government agents observed another defendant, whom they had heard references to on wiretaps, loading currency into a truck previously. Trooper Mitchell requested Petitioner's cooperation in stepping away from the vehicle to record the interaction. (Tr. 9) Trooper Mitchell informed Petitioner of this recording beforehand. Upon producing his driver's license, Petitioner offered his police badge as well, seeing how the license photo depicts Petitioner in sheriff's deputy uniform. Trooper Mitchell asked

Petitioner whether he was an active sheriff's deputy, and Petitioner responded and confirmed this fact. (Tr.14).

When Petitioner's vehicle was later searched, approximately $950,455 in United States currency was found, along with a sheriff's deputy vest. It was never made clear as for just where the **duty vest** was located. Since the onset of the indictment, Petitioner has maintained that the duty vest was located behind the back seats of the vehicle, and was not in plain sight.

Petitioner was charged with Count One along with 35 other defendants. Of those convicted, several had their sentences adjusted for playing what was considered a minor role. Among those are two defendants from whom $13,694,995 was seized, one from whom 500 pounds of marijuana was seized, one from whom 70 kilograms of cocaine was seized and who admitted to acting as a courier on another trip also, one from whom $559,140 was seized, one who transported and was with drug-related money on two or three occasions, one who built cabinets on a truck from which 2,319 kilograms of marijuana was seized, one who was found in a stash house with 1,360 kilograms of marijuana, and one who was a runner of an unspecified amount for an unspecified number of trips. Among those defendants who did not receive minor-role reductions was one who transported drug proceeds for multiple organizations and had charges pending in another jurisdiction as well, and another who transported cocaine, had previously transported marijuana, and was sentenced to 250 months.

### STANDARD OF REVIEW

(1) Whether the trial and Appellate level court erred in increasing Petitioner's sentence based on the abuse of a position of trust characteristic in the Federal Sentencing Guidelines is subject to plain error review in reference to fact finding, but its determination whether the facts justify an abuse-of-trust enhancement is left to question.

(2)   Whether the trial court with Appellate-level review erred in
refusing to decrease Petitioner's sentence based on the playing
and characterization of "minor rolè" in the Federal Sentencing
Guidelines is subject to plain error and reversible error
review.

## SUMMARY OF ARGUMENT

The trial and Appellate court erred by increasing Petitioner's
sentence based on the abuse of a position of trust characteristic in the
Federal Sentencing Guidelines. The fact that Petitioner was required to
provide his driver's license when Trooper Mitchell requested it is no such
abuse of trust. Petitioner did not state, nor did he foresee that there would
be relevance to tie in that he was a law enforcement officer until he was
questioned by Trooper Mitchell. He answered this truthfully and upon handing
Trooper Mitchell his driver's license, did not have any reason to withhold
the fact that he was an active sheriff's deputy. Petitioner was out of state,
and not on-duty during this traffic stop. Petitioner did not use his position
as a police officer to conduct any investigation or business when outside his
jurisdiction, thus did not believe it was pertinent to disclose this fact at
the start of this traffic stop. Here, the photograph on Petitioner's driver's
license, of him wearing his sheriff's deputy uniform did not significantly
facilitate the concealment of the offenses within the indictment.

The trial and Appellate level courts erred by refusing to decrease the
sentence based on the minor role characteristic in the Federal Sentencing
Guidelines. The fact that Petitioner was a currency courier does not preclude
him from receiving a minor-role reduction, as other minor-role players as
co-defendants would see within their sentencing. Petitioner at no point had
inspected, handled, transported, sold or purchased drugs. Petitioner was a
mere driver, and was similarly situated to other defendants who received minor

role reduction during sentencing of this very criminal case. From the first, Petitioner was never with the advantage of weighing these other sentences as comparison, within and without an advisory scope. Petitioner's counsel never exercised his right to Rule 35(a) in recognizing the sentencing error. At the point of discovering these errors, the window in addressing Rule 35(a) had since expired.

## ARGUMENTS AND CITATIONS OF AUTHORITY

### I. THE TRIAL AND APPELLATE LEVEL COURT ERRED IN INCREASING THE SENTENCE OF PETITIONER ON THE ABUSE OF A POSITION OF TRUST CHARACTERISTIC OF THE FEDERAL SENTENCING GUIDELINES.

The trial and Appellate court erred in increasing the sentence of Petitioner by 2 points based on the abuse of position of trust characteristic. The Federal Sentencing Guidelines state that, trial judge may increase the sentence "if the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense." USSG § 3B1.3. Petitioner has the burden of establishing both that (1) Petitioner held a place of private or public trust, and (2) that Petitioner abused the position in a way that significantly facilitated the commission or concealment of that offense. United States v. Ward, 222 F.3d 909, 911 (11th Cir. 2000).

Petitioner concedes that part one of this test, that as a sheriff's deputy he held a position of public trust. However, this would not apply at the point and location of his traffic stop with Trooper Mitchell. Petitioner was actually off-duty, out of his jurisdiction, and did not seek preferential treatment from a fellow peace officer. Still, Petitioner must prove part two of the test. The Court's sister circuit had cautioned trial judges against placing too little weight on part two of this test, and thus allowing too broad of an interpretation of this sentence enhancement. United States v. Moored, 997 F.2d 139, 145 (6th Cir. 1993). The Sixth Circuit stated that, if part two of the test carries little

-5-

weight, then the sentence enhancement will be used against virtually every defendant who holds a position of trust, an argument can always be made that the position had some remote connection to the crime. Petitioner was stopped in another state, and this was not a portion, nor aspect of the crime to begin. There was no connection tied between the traffic stop and the offenses known to that point; that, and the fact of Petitioner being an active sheriff's deputy would never come into play, or so not as far as the traffic stop and the offenses alleged within the original and superseding indictment were concerned.

## A.   NO PROOF EXISTS THAT PETITIONER HAD AFFIRMATIVELY ACTED TO CONCEAL THE OFFENSE.

There is no proof that Petitioner acted affirmatively in using his position as a sheriff's deputy to facilitate the concealment of the United States currency in the truck from Trooper Mitchell. During their interaction, the Petitioner merely did what he was legally obligated to do by providing Trooper Mitchell with his driver's license.

The government had provided no evidence of when Petitioner had his driver's license photo taken, and whether it was taken after he became involved in the drug scheme. Petitioner did not automatically inform Trooper Mitchell that he was a law enforcement officer, he merely responded when ultimately questioned. Thus, Petitioner's lack of affirmative action proves that his conduct, in admitted or withheld fact, was not intentional, and thus not evidence to suffice that he was attempting to use his position to conceal the crime. Petitioner didn't find that being out of state, off-duty, and outside his jurisdiction, the mention of his being an active sheriff's deputy from outside the state had any place in initiating conversation during the traffic stop. Petitioner sought no benefits and expected no concessions in what was later made known of his being an active sheriff's deputy elsewhere.

**B.   NO PROOF EXISTS THAT PETITIONER ABUSED HIS POSITION IN SUCH A WAY AS TO SIGNIFICANTLY FACILITATE THE CONCEALMENT OF THE OFFENSE.**

Petitioner's unintentional act of having previously decided to wear his sheriff's deputy uniform in his driver's license photo did not significantly facilitate the concealment of the United States currency in the vehicle. Petitioner did not use his position as a police officer to follow up on the status of the investigation against him, or to participate in illicit acts, applying law enforcement techniques that could be used to pursue or inquire on the indictment intended for him. During the time period in question, Petitioner was neither wearing his sheriff's deputy uniform, nor driving his marked police vehicle, nor listening to area police scanners or radio. Therefore, his unintentional actions do not rise to the same level as the types of actions that courts have previously found to be intended to significantly facilitate the concealment of an offense.

In this instance, Petitioner did not invite other police to join him in the crime. He did not attempt to use his knowledge of narcotics investigation to plan a "perfect crime". Finally, Petitioner did not use his position as a police officer to follow up on the investigation into him or the other defendants. Therefore, his unintentional action of handing over the required driver's license upon request did not significantly facilitate the concealment of the offense.

Petitioner was not wearing his police uniform at the time, nor was there cause to have this with him. He was not using his marked or unmarked police vehicle.  Petitioner also was not acting as a lookout through the use of police scanners or radio. He merely had previously decided to be photographed for his driver's license in uniform, an act that did not significantly facilitate the concealment of the offense in the same manner as one would that actually had something to shield or withhold from fellow peace officers.

Since the government had provided no evidence to prove that Petitioner's action in being photographed for his driver's license while in uniform was

intentionally designed to assist him in concealing this crime, and his obligatory production of his license to Trooper Mitchell does not rise to the level of abusive behavior on any scope intended to facilitate the concealment of an offense that this Court requires, the trial and appellate courts erred in increasing Petitioner's sentence.

## II.   THE TRIAL AND APPELLATE COURT ERRED IN REFUSING TO DECREASE THE SENTENCE OF PETITIONER BASED ON THE MINOR ROLE CHARACTERISTIC OF THE FEDERAL SENTENCING GUIDELINES.

The trial and appellate courts erred in refusing to decrease the sentence of Petitioner by two points despite the fact that he played a minor role in this drug conspiracy. The Federal Sentencing Guidelines states that the sentence can be reduced by two points (at minimum) if the defendant was a "minor participant in any criminal activity." USSG § 3B1.2. Petitioner is considered a minor participant, "if he is less culpable than most other participants, but his role could not be described as minimal." USSG § 3B1.2 comment. This determination is dependent on the facts of a particular case, and is based on a totality of the circumstances. USSG § 3B1.2.

There are two factors the Court must consider: (1) a comparison of the defendant's role in the offense with the relevant conduct attributed to him in the calculating the base offense level, and (2) a comparison of the defendant's conduct to the conduct of other participants. United States v. Butler, 416 Fed Appx. 856, 860 (11th Cir. 2011). This was clearly never put in play when putting forth Petitioner's sentence.

### A.   PETITIONER PLAYED ONLY A MINOR ROLE IN THE OFFENSE AS A COURIER.

When the defendant acts as a drug courier, the district court must still assess the defendant's role in light of the relevant conduct attributed to her. United States v. De Varon, 175 F.3d 930, 943 (11th Cir. 1999). The mere fact that a defendant acted as a courier is not dispositive of whether the defendant will receive an adjustment to her offense or sentence. Id. In the De Varon case, the defendant acted as a courier smuggling heroin from

Colombia. Id. She helped to finance the operation, and the only other participant was a messenger. Id. This Court held that, in light of the entirety of her role, the fact that she was the operation's courier was not dispositive of the fact that she should receive a lesser sentence. Id.

In this instance, Petitioner was a mere courier with none of the added aggravating factors from the De Varon case. He transported strictly money, not drugs, and did not travel across an international border. He did not help to finance the operation, and there were other participants who planned the operation rather than acting as mere messengers. Petitioner played nothing more than a minor role. This was never factored in his sentencing.

In the present case, Petitioner was found with $950,435.00 in United States currency. This was part of an operation worth at least $22 million. Thus, Petitioner was transporting no more than approximately 4 percent of the operation's total finances.

**B.   PETITIONER'S ACTIONS WERE SIMILAR TO THOSE INVOLVED IN THE OFFENSE WHO RECEIVED SENTENCE REDUCTIONS FOR THE MINOR ROLES THEY PLAYED.**

In this instance, there were 35 other defendants. Petitioner did not purchase tools to conceal drugs, hide the drugs, etc. He was merely a small cog within a large wheel, not four percent of an operation known to generate no less than $22 million. Defendants even within this case who received minor role considerations and reductions were substantially similar to Petitioner. There were two co-defendants from whom approximately $13,000,000 was seized, over 13 times as much currency as was found in the truck with Petitioner. There was one from whom 70 kilograms of cocaine was seized, while Petitioner was charged with possession of at least 5. There was a co-defendant who made no less than three trips, and another who built cabinets concealing drugs, neither of which Petitioner was convicted of. Petitioner's charge fits him into the category of minor role player. The record and sentences of fellow defendants is further evidence of this claim. It was certainly an over-

sight on the district and appellate court's rulings. The instant remedy suggested is to have Petitioner's overall sentence reviewed.

### CONCLUSION

Based upon the within and foregoing reasons, Petitioner respectfully requests that his sentence be reversed and remanded for sentencing. A secondary request is suggesting that Petitioner receive all such relief he is so entitled under the scope and rights held under Title 28 USC § 2241.


Respectfully Submitted,


Emmanuel Sanchez, Petitioner


Mailing information:

Emmanuel Sanchez
Fed. Reg. # 78456-279
Federal Prison Camp - Duluth
P.O. Box 1000
Duluth, MN   55814