UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

EMMANUEL SANCHEZ,

          Petitioner,

v.

UNITED STATES OF AMERICA,

          Respondent.

Civil No. 13-0847 (PAM/JJG)

**REPORT AND RECOMMENDATION**

This case is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. (Docket No. 1.) The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.    BACKGROUND**

Petitioner is an inmate at the Federal Prison Camp in Duluth, Minnesota. He is serving a 97-month prison sentence that was imposed in December 2011 in the United

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

States District Court for the Northern District of Georgia. (Petition, p. 2, §§ 1-4.) Petitioner was sentenced after pleading guilty to conspiracy to possess with intent to distribute at least 1000 kilograms of marijuana and at least 5 kilograms of cocaine. United States v. Sanchez, Crim. No. 1:08-cr-356-27-WSD.[2]

After Petitioner was sentenced, he filed a direct appeal. However, the Eleventh Circuit Court of Appeals granted the Government's motion to dismiss the appeal, and Petitioner's conviction and sentence were thereby affirmed. (Petition, p. 2, § 8.) The docket sheet from Petitioner's federal criminal case, (see n. 2, supra), includes a copy of the Court of Appeals' per curiam decision. The decision indicates that Petitioner waived his right to appeal as part of his guilty plea. The Court of Appeals explained that –

> "[Petitioner's] waiver had only two narrow exceptions: he could either cross-appeal a government appeal of his sentence or directly appeal an upward variance from the federal sentencing guideline range that the district court calculated. These exceptions do not apply here because the government does not appeal [Petitioner's] sentence and his sentence was within the guideline range that the court calculated. Therefore, the government's motion to dismiss pursuant to [Petitioner's] appeal waiver in [Petitioner's plea agreement] is GRANTED."

United States v. Sanchez, Crim. No. 1:08-cr-356-27-WSD (N.D. Ga) (Docket No. 929), (Order of the Eleventh Circuit Court of Appeals filed on June 27, 2012).

---

[2] The record from Petitioner's federal criminal case in the Northern District of Georgia is available to this Court by means of the Case Management/Electronic Case Filing system ("CM/ECF") that is maintained by the federal judiciary.

Petitioner has never filed a motion seeking post-conviction relief under 28 U.S.C. § 2255. The current petition indicates that "this option was waived as part of [Petitioner's] plea agreement." (Id., p. 3, § 10; see also id., p. 5, § 17.) The Court has reviewed Petitioner's plea agreement, (see n. 2, supra), and finds that he did indeed waive his right to file a § 2255 motion as part of that agreement.

In the present habeas corpus case, Petitioner is attempting to challenge the sentence that was imposed in 2011 in the Northern District of Georgia. The current petition lists three grounds for relief, which, repeated verbatim and in their entirety, are as follows:

> "**Ground 1** Erroneously enhanced within offense level and sentence guideline due to 'abuse of position of trust', which did not apply
>
> **Ground 2** Never considered for minor role player; this, despite others
> within same alleged conspiracy receiving less severe sentences, and Petitioner's role being no greater than these minor players.
>
> **Ground 3** Substantial assistance and downward departure factors were never applied toward overall sentence, per Title 18, 3553(e) – within and without the scope of 5H1.1 – family responsibilities and community ties."

(Petition, p. 3, § 9.)

For the reasons discussed below, the Court finds that Petitioner's current challenges to his 2011 federal prison sentence cannot be brought in a § 2241 habeas corpus petition.

## II.  DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence <u>only</u> by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. <u>Abdullah v. Hedrick</u>, 392 F.3d 957, 959 (8th Cir. 2004), <u>cert</u>. <u>denied</u>, 545 U.S.

1147 (2005). Subsection 2255(e) provides that –

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). No court has jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence under 28 U.S.C. § 2241, unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, it is readily apparent that Petitioner is challenging the validity of his 2011 prison sentence in his Georgia federal criminal case. Although it is not perfectly clear why he thinks his sentence is invalid, it is clear that Petitioner believes that errors were made, and that his sentence should be set aside. Therefore, Petitioner's current § 2241 habeas corpus petition is barred by the § 2255 exclusive remedy rule, unless the

savings clause is applicable.

However, Petitioner has made no effort to show that the savings clause is applicable in this case.[3] He apparently believes that § 2255 is an inadequate or ineffective remedy for his current claims, and the savings clause should be applied here, simply because he waived his right to seek relief under § 2255 pursuant to his plea agreement in his Georgia criminal case. That notion must be rejected.

The Eighth Circuit Court of Appeals has repeatedly held that § 2255 is <u>not</u> an inadequate or ineffective remedy, and the savings clause is therefore <u>not</u> applicable, simply because a prisoner is procedurally barred from seeking relief under § 2255. Section 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire." <u>United States v. Lurie</u>, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted). "[I]n order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." <u>Hill</u>, 349 F.3d at 1091.

Petitioner's waiver of his right to seek relief under § 2255 is just another procedural obstacle, like the statute of limitations, (<u>see</u> § 2255(f)), or the restriction on filing second or

---

[3] The habeas corpus petition form used by Petitioner directed him to explain why § 2255 should be viewed as an inadequate or ineffective remedy for his current claims. Petitioner completed that section of the petition form by stating "Please see attached memorandum." (Petition, p. 4, § 12.) Several extra pages are attached to the petition form, but nothing in those extra pages attempts to explain why § 2255 supposedly is inadequate or ineffective.

5

successive § 2255 motions, (see § 2255(h)). The waiver by itself does not affect the adequacy of the legal remedy provided by § 2255. See Winters v. Fisher, Civil No. 09-3312 (MJD/SRN), (D.Minn. 2009), [Report and Recommendation by Magistrate Judge – now District Court Judge – Susan Richard Nelson], 2009 WL 5185756 at *3, n. 3 ("waiving the right to use the remedy provided by § 2255 does not cause the remedy itself to be inadequate or ineffective") (citing Adams v. Samuels, No. 6:05-689-DCR (E.D.Ky. 2006), 2006 WL 695250 at *3). See also Nguyen v. Davis, Civil No. 10-cv-87-BNB, (D.Colo. 2010), 2010 WL 902481 at *2 (habeas petitioner's "waiver of his right to file a § 2255 motion is merely a procedural bar to obtaining relief pursuant to § 2255 and... the existence of a procedural bar is not sufficient to demonstrate that the remedy available pursuant to § 2255 is inadequate or ineffective").

Thus, the Court finds that Petitioner's waiver of his right to seek relief under § 2255 does not make § 2255 an "inadequate or ineffective" remedy for purposes of § 2255(e), which means that the savings clause is not applicable here. See Jennings v. Holland, CIV.A. 10-00039-HRW (E.D.Ky. 2010), 2010 WL 1839011 at *3 (because habeas petitioner "waived his right to file a § 2255 motion challenging his conviction and sentence, he can not argue that his remedy under § 2255 was inadequate or ineffective to test either the validity of his confinement or his sentence; he cannot avail himself of the savings clause of § 2255; and he cannot obtain relief in this Court via § 2241"); Murrah v. Rivera, No. CIVA 9:08-3712-SB (D.S.C. 2009), 2009 WL 252095 at *3 ("[t]he fact that a challenge to [habeas petitioner's] sentence is not available under § 2255 because he waived his statutory right to a collateral attack does not make § 2255 ineffective or inadequate"); Reid v. Williamson, No. CIV.A. 1:06-CV-2429 (M.D.Pa. 2007), 2007 WL

2688722 at *2 ("[t]he fact that [habeas petitioner] waived his right to an appeal under § 2255 in a plea agreement does not render § 2255 inadequate or ineffective").

Because the savings clause is not applicable, Petitioner's current § 2241 habeas corpus petition is barred by the exclusive remedy provision of § 2255(e), and this action must be summarily dismissed for lack of jurisdiction. See DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy); Abdullah, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").

Having determined that this action must be summarily dismissed for lack of jurisdiction, the Court will further recommend that Petitioner's pending application to proceed in forma pauperis, (Docket No. 2), be summarily denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be **DENIED**;

2. Petitioner's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

3.  This action be summarily **DISMISSED** for lack of jurisdiction.

Dated: April 18, 2013             s/ *Jeanne J. Graham*
                                  JEANNE J. GRAHAM
                                  United States Magistrate Judge

**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **May 7, 2013**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.